

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Dr. W. A. Davis, State Registrar
Bureau of Vital Statistics
Board of Health
Austin, Texas

Dear Sir:

Attention: Hon. W. D. Carroll

Opinion No. 0-7052
Re: Whether the State Registrar
is required to re-write the
birth certificates of adopted
children that were prepared
in compliance with Opinion
No. 0-6682

We have received your request for our opinion on the hereinabove captioned matter, and we quote from your letter as follows:

"I have your letter of January 10 stating that Opinion No. 0-6631 has been adopted as the opinion of the Attorney General's department and that Opinion No. 0-6682 has been overruled and withdrawn.

"Since August 1, 1945 more than 1100 new certificates for adopted children have been filed in compliance with Opinion No. 0-6682 in which the State Registrar was advised to file the certificate so as to show that the parents were the parents by adoption.

"In answering the questions submitted in our letter of January 2, please advise the State Registrar if he is to be required to rewrite these 1100 records so as to show the adopting parents as the natural parents of the child. You can understand why an immediate answer to this question is necessary."

Dr. W. A. Davis, page 2

Subsection 26 of Rule 47a, Article 4477, Vernon's Annotated Civil Statutes, reads in part as follows:

"Provided further upon entry of final order of adoption the Judge or Clerk of Court shall notify the Registrar of Vital Statistics in State Department of Health of action taken, giving the names and addresses of the natural parents if known or of the child's next kin, the date of birth and name of such child before and after adoption and the name and addresses of foster parents. Said registrar of vital statistics shall likewise be notified of any subsequent revocation of such order of adoption or any annulment of adoption. Copies of all reports of adoptions and reports of revocation of order of adoption and of annulments shall within thirty (30) days after such order be mailed to the registrar of vital statistics of the State Department of Health. Upon receipt of copy of any final order of adoption the State Registrar of Vital Statistics shall cause to be made a record of the birth in the new name or names of the adopting parents or parent. He shall then cause to be sealed and filed the original certificate of birth, if any, with the adoption decree of the Court and such sealed package may be opened only upon order of a Court of record. Upon receipt of copy of annulment of adoption said Registrar of Vital Statistics shall restore the original name of the child and the names of his natural parents or parent to the record of birth of such child. Provided further that adoption made under existing law prior to the passage of this Act, may be registered with the Bureau of Vital Statistics upon sworn application of either adoptive parent or guardian of the adopted child, show the names and addresses of the natural parents if known or of the child's next kin, the date of birth and the name of such child before and after adoption, the names and addresses of foster parents, together with proof of adoption, either by certified copy of the record of the affidavit of adoption, or the Court order of adoption.

"Upon the adoption of said child the State Registrar shall notify the Local Registrar of that adoption, and shall forward to the Local Registrar a copy of the birth certificate showing the names of the parents by adoption, provided that no statement of the adoption shall appear on that record. The Local Registrar

M. J. A. Davis,  page 3

shall return to the State Registrar, or shall can-
cel the certificate of the natural birth of said
child, and shall substitute in its place a certifi-
cate forwarded him by the State Registrar."

Our Opinion No. 0-6631 reads in part as follows:

"In our opinion, when the State Registrar re-
ceives an adoption decree, he should file a certificate
of the birth in the new name or names of the adopting
parent or parents in which there is no statement of
the adoption, as required in Subdivision 26 of Rule 47a,
but he should not permit an amendment to be attached
under said condition to the original certificate, as
provided for in Rule 51a."

In view of the foregoing it is our opinion that you are not
required to rewrite the birth certificates of adopted children
that were filed in compliance with Opinion No. 0-5682 (which has
been overruled and withdrawn), unless request therefor is made by
the proper parties.  If and when such request is made by the
adoptive parents or other proper parties, it is our opinion that
you should rewrite these records so as to show that the adoptive
parents are the parents of said children.  In other words, the
new certificate, insofar as it relates to the adoptive parents,
should be prepared in the same manner as you now prepare birth
certificates under the provisions of Subsections 1 to 24, inclu-
sive, of Rule 47a; Art. 4477, V. A. C. S.  Going a little further,
we do not think that the word "natural" should be used before
the name of the father, mother or child.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By          J. C. Davis, Jr.

J. C. Davis, Jr.
Assistant